Submitted on record and briefs January 17, on appeal, judgment for Montgomery reversed and remanded; otherwise affirmed on appeal and on cross-appeal July 3, reconsideration denied October 9, 1991, petition for review denied January 28, 1992 (312 Or 589)

STATE OF OREGON,
by and through the
STATE ACCIDENT INSURANCE
FUND CORPORATION,
*Appellant - Cross-Respondent,*

*v.*

Finis Firman MONTGOMERY
and Ralph Faulkner,
*Respondents,*

Charles B. GILL, Jr.,
and David A. Davidson,
*Respondents - Cross-Appellants,*

*and*

ASSOCIATED OREGON LOGGERS, INC.,
AOL Services, Inc.,
Loggers Assurance Company, Inc.,
AOL Services, Inc.
and Associated Oregon Loggers, Inc.,
*Cross-Respondents.*

(148908; CA A61161)

814 P2d 536

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, Salem, and William F. Gary and Sharon A. Rudnick, Special Assistant Attorneys General, and Harrang, Long, Watkinson, Arnold & Laird, P.C., Eugene, filed the briefs for appellant - cross-respondent.

Finis Firman Montgomery, Eugene, filed the brief *pro se.*

Robert J. Custis and Custis & Adlard, Salem, filed the brief for respondent Ralph Faulkner.

William B. Crow, Bruce A. Rubin, Carolyn E. Wells, Margaret Fiorino and Miller, Nash, Wiener, Hager & Carlsen, Portland, filed the briefs for respondents - cross-appellants.

No appearance for cross-respondents Associated Oregon Loggers, Inc., AOL Services, Inc., and Loggers Assurance Company, Inc.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action, which it styles as one for declaratory judgment, to recover damages for the misallocation of money and "lost corporate opportunities" that allegedly resulted from the negotiation and performance of contracts between it and Associated Oregon Loggers (AOL).[1] The thrust of plaintiff's allegations is that it and AOL entered into a contractual arrangement, the primary purpose of which was for AOL to receive from plaintiff and to distribute to AOL's members policyholders' dividends that plaintiff owed them. *See* ORS 656.526(2); OAR 836-80-150. Large amounts of money that plaintiff transmitted to AOL, both for dividends and for other purposes under the contract, were "diverted" to fund the establishment of an insurance company, Loggers Assurance Company, Inc. (LACO), which was controlled by AOL and competed with plaintiff for the loggers' business. The damage claims are for "lost corporate opportunities," in the form of lost premiums and investment opportunities, and for the diverted dividends. Other facts will be stated in the parts of this opinion to which they are pertinent.

Plaintiff stated three claims. In the first, it alleged that defendant Montgomery breached his fiduciary duty by negotiating agreements and amendments on behalf of AOL while he was a director of plaintiff, without making appropriate disclosures. Plaintiff also contends that, over and above his involvement in the negotiations, Montgomery was the principal participant in the implementation of the contracts and in related improper activities designed to benefit AOL at plaintiff's expense. The third claim asserts that defendants Gill and Davidson, while they were officers of plaintiff, breached their fiduciary duties by failing to disclose to plaintiff facts of which they were aware concerning Montgomery's scheme that they allegedly learned about in the course of contract negotiations with Montgomery. In its second claim, plaintiff alleged that Gill, Davidson and defendant Faulkner,

---

[1] For purposes of this opinion, we use the acronym "AOL" to refer to Associated Oregon Loggers, Inc., and all of the entities affiliated with it.

We note that, in the main, our role is to decide cases as they are presented to us. We do not know why plaintiff took the declaratory judgment approach or why its principal theory of liability is that defendants breached fiduciary duties.

who succeeded Gill as plaintiff's president, are strictly liable under ORS 297.120 for the money lost through the diversion of the dividends.

Defendants moved for summary judgment on all claims, and the trial court granted the motion. It concluded, as explained in an opinion letter, *inter alia*:

"1.  As to dividends: Under the SAIF/AOL agreements, AOL was an agent for the loggers not SAIF, that the assignment of dividends was valid and that all of the declared dividends were paid. That any claim for non distribution is by the loggers against AOL not SAIF against these Defendants. Therefore, the State of Oregon and SAIF are not the real parties in interest.

"2.  The evidence submitted is insufficient to create a material issue of fact on the alleged loss of business opportunity and breach of fiduciary relationships * * *."

Plaintiff appeals from the resulting judgment.[2] We reverse the judgment on the claim against Montgomery and affirm in all other respects.

■     Although Montgomery argues otherwise, there can be no doubt that he was not entitled to summary judgment on the issue of liability. There was abundant evidence that he acted in derogation of plaintiff's interests in negotiating a series of contracts for AOL whereby it obtained increasing financial benefits from plaintiff. There was also evidence that he did not disclose relevant facts about the duality of his role generally or about the specific advantages that he sought to obtain for AOL that were not apparent from the contracts or negotiations themselves. If believed by a fact finder, that evidence would support a finding of liability against Montgomery.

The closer question is whether Montgomery established conclusively that the damages that plaintiff seeks were not caused by his breach. The trial court concluded that plaintiff had no claim for the converted dividends, because the loggers had assigned their right to them to AOL, and AOL was solely their agent for purposes of distribution. We do not agree that there was no conflict in the evidence as to whether

---

[2] The judgment also disposes of the other claims and parties.

AOL was plaintiff's agent rather than or as well as the loggers'. *See Paulson v. Western Life Insurance Co.,* 292 Or 38, 636 P2d 935 (1981). More fundamentally, that question is not decisive. Plaintiff's principal contention is that Montgomery failed to apprise it about the use to which AOL would put the dividends and that plaintiff consequently had to make "second payments" directly to the loggers. That contention is not answered by the existence or nonexistence of an agency relationship between plaintiff and AOL.

Montgomery argues that plaintiff was neither liable for nor did it pay dividends to the loggers to replace those that were not distributed by AOL. Rather, he contends, plaintiff simply "volunteered" to make payments to the loggers through a 1986 "settlement agreement," in return for which plaintiff acquired LACO. Montgomery asserts that plaintiff was under no legal obligation to make the payments and that any rights to dividends that the loggers enjoyed were under the agreements and their assignments to AOL by which they purportedly relinquished any right to payments of dividends directly from plaintiff. As we have noted, however, there are unresolved questions of fact about the contractual relationships of plaintiff, AOL and the loggers under the instruments. Whether the loggers could have waived, or did waive, any statutory and regulatory dividend rights cannot be decided before those questions are answered.[3]

Montgomery also argues that there was decisive evidence that plaintiff did not suffer any loss of corporate opportunities, because it acquired LACO and assurances of the loggers' business as part of the 1986 settlement. Montgomery's argument necessarily assumes that plaintiff therefore reacquired any business and investment opportunities that it had lost over the preceding three-year period, dollar for dollar. However, he offered no evidence to substantiate that factual assumption. The summary judgment for Montgomery was error.[4]

---

[3] We assume, but do not decide, Montgomery's premise that plaintiff could not recover the "second payments" as damages if it made them but was not legally required to.

[4] The other defendants argue that the action is barred by the applicable Statute of Limitations and that ORS 12.250, which makes the statute inapplicable to governmental bodies, does not apply to plaintiff. Because we affirm the judgment for

■    Plaintiff next assigns error to the summary judgment on the breach of fiduciary duty claim against Gill and Davidson. The essential premise of that claim is that those defendants had knowledge and failed to make disclosures about wrongful conduct or objectives on the part of Montgomery and AOL. Plaintiff argues that the only evidence that Gill and Davidson offered on the point was a "bare disclaimer" of knowledge and that that does not suffice for summary judgment. However, the evidence showed more than that. It established without refutation that what Gill and Davidson knew about Montgomery's and AOL's plans, at the time of the negotiations and through the time that they remained plaintiff's employees, revealed no improper objectives and no objective to use plaintiff's money improperly for proper or improper purposes. Plaintiff notes that there was evidence that Gill's and Davidson's consultations with Montgomery resulted in "a bad deal for SAIF Corporation because SAIF Corporation sold insurance at below cost and because the agreements contained inadequate controls to prevent AOL from accumulating capital." That is true, and it is irrelevant. Plaintiff's claim does not allege that its damages resulted from shortcomings in Gill's and Davidson's business acumen or negotiating skills. We agree with the trial court that they were entitled to summary judgment on the fiduciary duty claim.

■    The summary judgment for them and Faulkner on the statutory claim was also proper. The dividends were payable from the Industrial Accident Fund (IAF). ORS 656.634(2) provides, in relevant part, that "the State of Oregon declares that it has no proprietary interest in [IAF]." ORS 297.120 provides for potential recovery from public officers for the loss of "public funds" with which they are entrusted. We agree with Gill, Davidson and Faulkner that at least those IAF moneys that have been committed to the payment of dividends are not public funds within the meaning of ORS 297.120. *Sprague v. Straub,* 252 Or 507, 522-23, 451 P2d 49 (1969); *see also Eckles v. State of Oregon,* 306 Or 380, 760 P2d 846 (1988), *appeal*

---

those defendants on other grounds and because Montgomery does not raise that argument on appeal, we do not address it.

*dismissed* 490 US 1032 (1989) (separate opinion of Peterson, C. J.).[5]

Our disposition of the appeal moots Gill's, Davidson's and Faulkner's cross-assignments of error. Gill and Davidson also cross-appeal. They preface their cross-appellants' brief by stating that, if we "affirm the judgment below, the Court will not need to reach the issues on cross-appeal." Although that statement is a literal nonsequitur,[6] we understand it to mean that, if we affirm the portions of the judgment relating to Gill and Davidson that are challenged by plaintiff's appeal, the cross-appeal is to be deemed abandoned. We therefore affirm on the cross-appeal without discussion.[7]

On appeal, judgment for Montgomery reversed and remanded; otherwise affirmed on appeal and on cross-appeal.

---

[5] We do not reach any of the arguments that we have not addressed that Gill, Davidson and Faulkner make in opposition to plaintiff's assignments relating to the claims against them.

[6] One of the assignments in the cross-appeal relates to the striking of Gill's and Davidson's cross-claims against AOL and its affiliates.

[7] Faulkner also filed a notice of cross-appeal but abandoned it pursuant to ORAP 5.55(3).