Argued and submitted September 30, 1991, reversed and remanded on appeal and affirmed on cross-appeal January 8, reconsideration denied March 25, petition for review allowed May 26, 1992 (313 Or 299)

Charles B. GILL, Jr.
and David A. Davidson,
*Respondents - Cross-Appellants,*

*v.*

STATE ACCIDENT INSURANCE
FUND CORPORATION,
Herbert Aschkenasy, Donald Cook, Harriet Sherburne,
Thomas Spitzer and Daniel Williams,
*Appellants - Cross-Respondents.*

(89C12469; CA A65889)

823 P2d 447

William F. Gary, Special Assistant Attorney General, Eugene, argued the cause for appellants - cross-respondents. With him on the briefs were Sharon A. Rudnick, Special Assistant Attorney General, Eugene, Harrang, Long, Watkinson, Arnold & Laird, P.C., Eugene, Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Bruce A. Rubin, Portland, argued the cause for respondents - cross-appellants. With him on the brief were William B. Crow, Portland, and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Defendants appeal and plaintiffs cross-appeal a judgment for indemnification under ORS 30.285(1).[1] We reverse on the appeal and affirm on the cross-appeal.

The individual defendants are current or former directors of SAIF. In 1987, they brought an action against plaintiffs, who were SAIF's employees, and others. The circuit court granted plaintiffs' motion for summary judgment.[2] Plaintiffs then filed this action, seeking indemnification for attorney fees and costs incurred in defending against defendants' action. The trial court granted plaintiffs' motion for partial summary judgment on the issue of defendants' liability under ORS 30.285(1). During the trial, a witness testified that plaintiffs' defense costs had been paid by their current employer. There is no evidence about whether plaintiffs are responsible for reimbursing the employer.

In an opinion letter, the trial court said:

"SAIF has raised the issue that their [sic] obligation is only to indemnify [plaintiffs] and, in fact, the monies were paid to the law firm by their employees [sic] * * *. Therefore, no indemnification is necessary. It is this Court's opinion that SAIF still has the obligation to pay these amounts of money. Whether or not the attorneys were paid by [plaintiffs] or some other person they did, in fact, incur the liability and this Court has no knowledge of the financial relationship in regards to this lawsuit between [plaintiffs] and [their employer]. To rule otherwise would be to unjustly enrich SAIF simply because the actual checks were not written by [plaintiffs]. The defense was hired by [plaintiffs], they incurred the liability and *they somehow saw that this obligation was paid*. SAIF's obligation under the statute is to pay for their costs of defense. They in fact have not done this and do have the obligation to do this." (Emphasis supplied.)

---

[1] ORS 30.285(1) provides:

"The governing body of any public body shall defend, save harmless and indemnify any of its officers, employees and agents, whether elective or appointive, against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty."

[2] *See SAIF v. Montgomery*, 108 Or App 93, 814 P2d 536 (1991).

After trial, the court entered a final judgment awarding plaintiffs $173,355.07 as indemnification for attorney fees and costs in the first action.

Defendants assert that plaintiffs are not entitled to indemnity for attorney fees that they did not pay. Plaintiffs argue that "only proof of legal liability, not 'actual loss,' is required for indemnification" under ORS 30.285(1). Both parties rely on contract and common law indemnification cases in support of their arguments. *See, e.g., U.S. Fire Ins. Co. v. Chrysler Motors*, 264 Or 362, 505 P2d 1137 (1973); *Montgomery Elevator Co. v. Tuality Community Hosp.*, 101 Or App 299, 790 P2d 1148, *rev den* 310 Or 243 (1990). Because this case involves a statutory indemnification claim, the parties' reliance on those cases is misplaced.

The Supreme Court discussed statutory indemnification under ORS 30.285(1) in *Aetna Casualty & Surety Co. v. OHSU*, 310 Or 61, 793 P2d 320 (1990). An Oregon Health Sciences University (OHSU) resident doctor allegedly committed malpractice while on rotation to another hospital, which was insured by Aetna. The patient sued the hospital, the doctor, OHSU and the state. Aetna tendered defense of the doctor and the hospital to OHSU. OHSU accepted the tender as to the doctor only, and Aetna defended the hospital. Under a subsequent settlement agreement, Aetna paid $175,000 and OHSU paid $40,000. Aetna then brought an action for indemnification under ORS 30.285(1) for the monies that it had paid in settlement. The trial court dismissed the claim, and the Supreme Court affirmed, holding:

> "ORS 30.285(1), by its terms, inures to the benefit of the public employee only. It does not purport to create any rights in third parties against public agencies or bodies. * * * Moreover, *the doctor himself has no claim under the statute * * *.* Aetna tendered the doctor's defense to OHSU, which accepted it, defended him successfully, and paid money to obtain his full release. One standing in the doctor's shoes has no claim *because the doctor has suffered no loss*. Aetna has no claim under ORS 30.285(1)." 310 Or at 64. (Emphasis supplied.)

The holding in *Aetna* is contrary to the trial court's reasoning here. Furthermore, there is a lack of evidence as to

whether plaintiffs suffered any loss. Therefore, we remand for the trial court to reconsider the issue in the light of *Aetna*.[3]

Plaintiffs cross-appeal on the ground that the trial court erred in denying their motion to amend their complaint to add a claim for declaratory and supplemental relief concerning their entitlement to attorney fees and costs that they might later incur in *SAIF v. Montgomery, supra*, n 2. We conclude that, in the light of *Aetna Casualty & Surety Co. v. OHSU, supra*, the trial court did not abuse its discretion in denying the motion.

Reversed and remanded on appeal; affirmed on cross-appeal.

---

[3] The bulk of the parties' briefs are dedicated to whether plaintiffs' claims are cognizable under ORS 30.285(1). We need not address those issues in the light of our decision.