Argued and submitted September 2, decision of the Court of Appeals on appeal is affirmed as modified and affirmed on cross-appeal; judgment of the circuit court is reversed; case is remanded to the circuit court for entry of a judgment for defendants December 4, 1992

Charles B. GILL, Jr.,
and David A. Davidson,
*Petitioners on Review,*

*v.*

STATE ACCIDENT INSURANCE
FUND CORPORATION,
Herbert Aschkenasy, Donald Cook,
Harriet Sherburne, Thomas Spitzer
and Daniel Williams,
*Respondents on Review.*

(CC 89C12469; CA A65889; SC S38998)

842 P2d 402

Bruce A. Rubin, Portland, argued the cause for petitioners on review. With him on the petition were William B. Crow and Carolyn E. Wells, of Miller, Nash, Weiner, Hager & Carlsen, Portland.

William F. Gary, Special Assistant Attorney General, Eugene, argued the cause for respondents on review. With him on the response were Sharon A. Rudnick, Special Assistant Attorney General, and Harrang, Long, Watkinson, Arnold & Laird, P.C., Eugene, and Charles S. Crookham, Attorney General, Jack L. Landau, Deputy Attorney General, and Virginia L. Linder, Solicitor General, Salem.

VAN HOOMISSEN, J.

Peterson, J., concurred and filed an opinion.

## VAN HOOMISSEN, J.

This is a claim for indemnity under ORS 30.285.[1] Plaintiffs Gill and Davidson (plaintiffs) seek indemnity from defendants, the State Accident Insurance Fund Corporation (SAIF) and its current and former directors, for attorney fees and costs that plaintiffs incurred in defending themselves in the case of *SAIF v. Montgomery*, which was filed in Marion County Circuit Court in 1984.[2] The narrow issue presented on review is whether the Court of Appeals correctly concluded that proof of actual loss is required for indemnity under ORS 30.285(1). The broader issue presented, however, is whether the indemnity provisions of ORS 30.285(1) apply at all under the circumstances of this case.

The trial court decided the case on both the narrow and broader issues, concluding that the state was obligated to indemnify plaintiffs and that proof of actual loss was not necessary for indemnity under ORS 30.285(1).[3]

The Court of Appeals decided the case only on the narrow issue, concluding that proof of actual loss is required for indemnity under ORS 30.285(1), and reversed and remanded the case to the trial court to consider whether plaintiffs had suffered any actual loss. *Gill v. SAIF*, 110 Or App 533, 536, 823 P2d 447 (1992). The court specifically did not address the broader issue whether plaintiffs' claims are cognizable under ORS 30.285(1). *Id.* at 537 n 3. We agree with the Court of Appeals that proof of actual loss is required for

---

[1] ORS 30.285 provides in part:

"(1) The governing body of any public body shall defend, save harmless and indemnify any of its officers, employees and agents, whether elective or appointive, against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty.

"(2) The provisions of subsection (1) of this section do not apply in case of malfeasance in office or willful or wanton neglect of duty."

[2] In *SAIF v. Montgomery*, SAIF sued plaintiffs in this case and others to recover damages for misallocation of money and lost corporate opportunities that allegedly resulted from the negotiation and performance of contracts between SAIF and the Association of Oregon Loggers. *See SAIF v. Montgomery*, 108 Or App 93, 814 P2d 536, *rev den* 312 Or 589 (1991) (explaining case history).

[3] Plaintiffs presented no evidence that they, in fact, had any actual loss for attorney fees or costs. At trial, a witness testified that plaintiffs' defense costs had been paid by their current employer. There was no evidence that plaintiffs have any responsibility to repay or to seek reimbursement for their present employer.

indemnity under ORS 30.285(1). For the reason that follows, however, we disagree with the Court of Appeals' reason for remanding this case to the trial court.

Plaintiffs Gill and Davidson formerly were employed by SAIF as president and vice president, respectively. SAIF brought an action against them, claiming that they had breached their fiduciary duties and that they were strictly accountable for a resulting loss of public funds. ORS 297.120 (1989).[4] That underlying action is discussed more fully in *SAIF v. Montgomery*, 108 Or App 93, 814 P2d 536, *rev den* 312 Or 589 (1991). Plaintiffs tendered their defense of *SAIF v. Montgomery* to the Attorney General, who rejected the tender. ORS 30.285(3).[5] Plaintiffs then retained private

---

[4] ORS 297.120 (1989) provided:

"(1) When a state agency sustains a loss of public funds or property under circumstances involving a public officer who is entrusted with the custody of the funds or property or who is charged with the duty to account for the funds or property, the Division of Audits shall investigate the loss and prepare a report respecting the accountability of the public officer for the loss. The report shall be presented to the Governor.

"(2) The Governor shall review the report presented pursuant to subsection (1) of this section, and if the Governor concurs with a determination of accountability contained in the report, the Governor shall direct the appropriate state agency to, and the agency shall, seek to recover the loss from the public officer, the surety of the public officer and other responsible parties; provided, however, that the Governor may direct that no action be taken to recover the loss from the public officer and the surety of the public officer if the Governor determines that the officer is free from personal fault and that the loss was not caused by the dishonest act, wrongful conduct, negligence or carelessness of the public officer."

[5] ORS 30.285 provides in part:

"(3) If any civil action, suit or proceeding is brought against any state officer, employee or agent which on its face falls within the provisions of subsection (1) of this section, or which the state officer, employee or agent asserts to be based in fact upon an alleged act or omission in the performance of duty, the state officer, employee or agent may, after consulting with the Department of General Services file a written request for counsel with the Attorney General. The Attorney General shall thereupon appear and defend the officer, employee or agent unless after investigation the Attorney General finds that the claim or demand does not arise out of an alleged act or omission occurring in the performance of duty, or that the act or omission complained of amounted to malfeasance in office or willful or wanton neglect of duty, in which case the Attorney General shall reject defense of the claim."

The Attorney General based his rejection of plaintiffs' defense on his conclusions that ORS 30.285 does not apply to actions brought by the state under ORS 297.120(2) (1989) and that, in any case, Gill and Davidson would be disqualified under the provisions of ORS 30.285(2), which provides that ORS 30.285(1) does not apply "in case of malfeasance in office or willful or wanton neglect of duty."

counsel. The trial court later granted plaintiffs' motion for partial summary judgment on the issue of liability, and entered judgment in their favor.

After the trial court's judgment was entered in *SAIF v. Montgomery*, but before that case was concluded on appeal, plaintiffs brought this action against defendants. ORS 30.285(5).[6] Both parties moved for summary judgment on the issue whether the indemnity provisions of ORS 30.285 apply when an action is brought by the state against its own employees, but the employees later are exonerated.[7] The trial court granted partial summary judgment for plaintiffs, holding that, because the claims against plaintiffs in *SAIF v. Montgomery* were torts, the indemnity provisions of ORS 30.285 applied.[8]

Defendants appealed to the Court of Appeals on numerous issues, including whether the indemnity provisions of ORS 30.285 apply when an action is brought by the state against its own employees, but the employees later are exonerated, and whether proof of actual loss is necessary for indemnity under ORS 30.285.[9] The Court of Appeals

---

[6] ORS 30.285 provides in part:

"(5) If the Attorney General rejects defense of a claim under subsection (3) of this section or this subsection, no public funds shall be paid in settlement of said claim or in payment of any judgment against such officer, employee or agent. Such action by the Attorney General shall not prejudice the right of the officer, employee or agent to assert and establish an [sic] appropriate proceedings that the claim or demand in fact arose out of an alleged act or omission occurring in the performance of duty, or that the act or omission complained of did not amount to malfeasance in office or willful or wanton neglect of duty, in which case the officer, employee or agent shall be indemnified against liability and reasonable costs of defending the claim * * *."

[7] Plaintiffs' claim for indemnity assumes that SAIF is a "public body" within the meaning of the Oregon Tort Claims Act (OTCA). *Cf. Frohnmayer v. SAIF*, 294 Or 570, 582, 660 P2d 1061 (1983) (SAIF is subject to Attorney General's ORS chapter 180 authority).

[8] The issue of plaintiffs' attorney fees and costs was tried to the court. Evidence showed that plaintiffs were billed $173,355.07 by their attorneys. The trial court held that the state was obligated to indemnify plaintiffs, because they had incurred the liability and had seen that the obligation was paid. The court explained that "to rule otherwise would be to unjustly enrich SAIF simply because the actual checks were not written by Gill or Davidson."

[9] Plaintiffs cross-appealed, arguing that the trial court abused its discretion in refusing to allow them to amend their complaint shortly before trial. The Court of Appeals affirmed on the cross-appeal. Because the proposed amendment would not have cured the defect identified in the text of this opinion, we likewise affirm on the cross-appeal.

reversed, holding that proof of actual loss is required for indemnity under ORS 30.285, citing *Aetna Casualty & Surety Co. v. OHSU*, 310 Or 61, 793 P2d 320 (1990). Because the Court of Appeals disposed of defendants' appeal on that ground, it did not address the question whether the indemnity provisions of ORS 30.285 apply at all on these facts. *Gill v. SAIF, supra*, 110 Or App at 537 n 3. Plaintiffs petitioned for review in this court.

We address the narrow issue of whether proof of actual loss is required for indemnity under ORS 30.285. Plaintiffs argue that they need not prove that they actually spent anything, but only that they initially incurred liability for their attorney fees and costs.

■■ Assuming, *arguendo*, that plaintiffs are entitled to indemnity under ORS 30.285, a question we specifically do not decide in this case,[10] we hold that they still may not prevail, because they have suffered no actual loss. *See Aetna Casualty & Surety Co. v. OHSU, supra*, 310 Or at 64-65 (no indemnity is due under ORS 30.285 in the absence of actual loss).

On summary judgment, plaintiffs presented no evidence that they expended any money of their own to defend themselves in *SAIF v. Montgomery*, nor did they present evidence that they were obligated to repay or to seek reimbursement for their present employer, who did pay their attorneys' fees and costs.

ORS 30.285(1) provides:

> "The governing body of any public body shall defend, save harmless and indemnify any of its officers, employees and agents, whether elective or appointive, against *any* tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty." (Emphasis added.)

The legislature enacted that sweepingly worded section to eliminate the concern of public employees that they could be held personally liable for a failure to use reasonable care in

---

[10] The legislative history of the OTCA does not indicate that the legislature considered whether the indemnity provisions of ORS 30.285 would apply to actions brought by the state against its employees, whether or not the employees later were exonerated.

performing their jobs and thereby to encourage able persons to accept responsible employment in the public sector. *Stevenson v. State of Oregon*, 290 Or 3, 12-13, 619 P2d 247 (1980). Indemnification for actual out-of-pocket losses completely fulfills that legislative purpose. To require a public body also to pay for someone else's loss, however, would be to permit a windfall to a public employee. Nothing in the Oregon Tort Claims Act or in its history suggests that result. Accordingly, we hold that proof of actual loss is required for indemnity under ORS 30.285(1). Plaintiffs here have not proved any actual loss to themselves. They therefore are not eligible for indemnity under ORS 30.285(1).

The Court of Appeals reversed and remanded this case for further findings of fact on whether plaintiffs have suffered any actual loss. *Gill v. SAIF, supra,* 110 Or App at 536. The record appears to be complete on that point, however, and to show that plaintiffs had suffered no actual loss. For that reason, we disagree with the Court of Appeals' reason for remanding this case to the trial court. We conclude that a remand to the trial court for entry of a judgment for defendants is proper.

The decision of the Court of Appeals on appeal is affirmed as modified with respect to the remand. The decision of the Court of Appeals on cross-appeal is affirmed. The judgment of the circuit court is reversed. The case is remanded to the circuit court for entry of a judgment for defendants.

**PETERSON, J.,** concurring.

I join in the opinion of the court, but write separately to raise a point for possible attention by the Legislative Assembly.

According to the court's opinion, "[t]he broader issue * * * is whether the indemnity provisions of ORS 30.285(1) apply at all under the circumstances of this case." 314 Or at 721. That issue is not decided by the opinion in this case.

The Oregon Tort Claims Act defines "tort" broadly. ORS 30.260(8) provides:

" 'Tort' means the breach of a legal duty that is imposed by law, other than a duty arising from contract or quasi-contract, the breach of which results in injury to a *specific person* or persons for which the law provides a civil right of action for damages or for a protective remedy." (Emphasis added.)

The Legislative Assembly would be well advised to consider whether the words "specific person," as used in ORS 30.260(8), include the state and its agencies, and whether it intends that state employees in the position of plaintiffs herein, responding to claims made against them by the state or an agency of the state, are entitled to indemnity under ORS 30.285.